UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAYMOND COLLINS,

    Plaintiff,

v.                                        Case No. 24-cv-1185-bhl

STATE OF WISCONSIN, et al.,

    Defendants.

---

# ORDER

---

Plaintiff Raymond Collins, who is currently serving a state prison sentence at the Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1 & 7. On September 30, 2024, the Court entered an order directing Collins to forward to the Clerk of Court the sum of $13.97 by October 30, 2024 as an initial partial filing fee in this action. Dkt. No. 9. The Court explained that no further action would be taken in this case until payment was received; and failure to pay would result in denial of the motion for leave to proceed without prepayment of the filing fee and dismissal of the case. *Id*. at 2-3.

Rather than promptly submitting payment, Collins has filed numerous motions. Dkt. Nos. 3, 10, 13, & 14. On September 17, 2024, Collins filed a one-page motion to appoint counsel. Dkt. No. 3. He states that he cannot afford to pay a lawyer, his incarceration limits his ability to litigate this case, and this case is complex. *Id*. A civil litigant has no right to have a lawyer represent him in a civil action, however. Under some circumstances, the "Court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). But *pro bono* resources

are scarce in comparison to the number of cases filed by prisoners. As a result, the Court will exercise its discretion to find a lawyer to represent a plaintiff only (1) after the plaintiff has made reasonable attempts to find a lawyer himself; and (2) if the Court believes that "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Collins' motion does not attach any evidence showing that he made reasonable attempts to find a lawyer himself; thus, the Court will deny his motion to appoint counsel without prejudice.

On October 7, 2024, Collins filed a motion for summary judgment, a motion for an order for settlement relief, and a motion for a waiver of service of the summons. Dkt. Nos. 10 & 13. The Court will deny these motions as premature and unnecessary. After Collins pays the initial partial filing fee, the Court will screen the complaint and order service of the complaint on the defendants against whom he stated a claim. In other words, the Court need not waive service of the summons at this time. Further, after the defendants are served with and answer the complaint, the Court will enter a scheduling order opening discovery and setting deadlines to file motions for summary judgment. Discovery allows each party to gather evidence to support their claims or defenses. A motion for summary judgment filed before discovery has occurred is premature because the parties have not yet gathered all relevant evidence. Finally, a motion for an order for settlement relief is also premature at this time as the defendants have not yet been served with the complaint and are not yet aware of this case. The Court also does not typically "order" settlement as the parties are free to discuss settlement throughout the case, at their own convenience, without court intervention. The Court will therefore deny all three motions.

On October 15, 2024, Collins filed a motion to add party. Dkt. No. 14. Federal Rule of Civil Procedure 15 allows Collins to amend his pleading once as a matter of course without the Court's permission. Fed. R. Civ. 15(a)(1). To add another party, Collins should simply file an amended complaint naming that individual as a defendant in the caption of the amended complaint and alleging facts against that person in the body of the amended complaint. Collins should file that amended complaint promptly, however. Collins is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). The Court will deny the motion to add party as unnecessary.

In conclusion, if Collins wants to proceed with this case, his next step is to submit the **$13.97** initial partial filing fee by the **October 30, 2024** deadline. *See* Dkt. No. 9. If he needs more time to submit payment, he should file a motion for extension of time *before* the deadline passes and he should explain how much more time he needs. **Collins is again warned that no further action will be taken in this case until payment is received; and failure to pay will result in denial of the motion for leave to proceed without prepayment of the filing fee and dismissal of the case.** Collins is also warned that any additional premature and unnecessary motions he files (before submitting payment) will be summarily denied through a text only order and may also subject him to sanctions for wasting scarce judicial resources.

**IT IS THEREFORE ORDERED** that Collins' motion to appoint counsel (Dkt. No. 3) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Collins' motion for summary judgment, motion for order for settlement relief (Dkt. No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Collins' motion for a waiver of service of the summons (Dkt. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Collins' motion to add party (Dkt. No. 14) is **DENIED**.

Dated at Milwaukee, Wisconsin on October 17, 2024.

                                                s/ *Brett H. Ludwig*
                                                BRETT H. LUDWIG
                                                United States District Judge