UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND COLLINS,

        Plaintiff,

v.                                                                 Case No. 24-cv-1185-bhl

STATE OF WISCONSIN, et al.,

        Defendants.

## DECISION AND ORDER

On November 22, 2024, the Court screened and dismissed this case because it was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Dkt. Nos. 20 & 21. The Court concluded that Plaintiff Raymond Collins was attempting to proceed on federal claims that would necessarily undermine a parole revocation sentence that had not yet been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Dkt. No. 20. The Court also noted that Collins was seeking immediate release from custody, which he could not do through a Section 1983 claim. *Id*.

On December 9, 2024, Collins filed a motion to alter the judgment, along with a motion to appoint counsel. Dkt. No. 22 & 23. Collins states that he wants to proceed with a state law negligence claim under Wis. Stat. §49.854, as well as a claim for violation of Wisconsin Administrative Rule DWD §43.08(8). Dkt. No. 22 at 1-2. Collins reiterates that his parole was improperly revoked because he did not receive due process through a preliminary hearing, and as a result, he does not consider himself a "prisoner" or an "inmate." *Id*. at 3-7. Instead, Collins considers himself an individual with "suspended sentence status." *Id*. Collins reiterates that appointment of counsel would help him establish that his parole was improperly revoked based on

"forgery and fraud" and that "newly discovered evidence" will overturn the parole revocation order. *Id*. at 7-8.

The Court will deny Collin's motions to alter the judgment and for appointment of counsel. As explained in the prior order, Collins' cannot challenge the validity of his parole revocation order unless his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Easterling v. Siarnicki*, 435 Fed. Appx. 524, 526 (7th Cir. 2011). Collins' arguments that he did not receive due process through a preliminary hearing prior to revocation and/or that "new evidence" would change the outcome of the parole revocation hearing directly challenge the validity of his parole revocation order. To raise those issues, Collins must *appeal* his case to the proper authority; he cannot collaterally attack it through a federal Section 1983 claim. Additionally, it is clear from the docket and public record that Collins is a prisoner and is currently serving a sentence based on his parole revocation order. His argument that he does not consider himself a prisoner or an inmate is irrelevant and does not change his circumstances.

Finally, Collins cannot avoid these legal hurdles by recharacterizing his claim as one under state negligence or administrative law. This Court does not have jurisdiction to decide those state law issues. Collins may try to pursue his state law claims in Wisconsin state court instead. *Davis v. Scherer*, 468 U.S. 183, 194–96 (1984); *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020).

Because no amendment to the complaint can overcome the bars posed by *Heck and Preiser*, appointment of counsel in this case would be futile and unnecessary. The Court will deny the motion to alter the judgment and the motion to appoint counsel.

On December 20, 2024, Collins filed a "motion for arbitration counsel conference hearing." Dkt. No. 24. Collins again reiterates that he wants a preliminary hearing for due process violations

in connection with his parole revocation. *Id.* As noted above, Collins should file that request in his Wisconsin state court criminal case. He cannot collaterally attack his conviction through a federal Section 1983 claim. The Court will deny the "motion for arbitration counsel conference hearing."

Finally, Collins is warned that this case is closed and he is subject to sanctions, including a strike under 28 U.S.C. §1915(g), if he continues to file repetitive motions that waste scarce judicial resources. Toward that end, the Court did not impose a strike at screening despite the fact that Judge Pepper had already notified Collins that this case was barred by *Heck and Preiser*. *See Collins v. State of Wisconsin, et al.*, 20-cv-521-pp, Dkt. No. 21. If Collins continues to file repetitive motions reiterating the same arguments, the Court will impose a strike in this case for filing a duplicative and frivolous lawsuit that he already knew could not proceed.

**IT IS THEREFORE ORDERED** that Collins' motion to alter the judgment (Dkt. No. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that Collins' motion to appoint counsel (Dkt. No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Collins' "motion for arbitration counsel conference hearing" (Dkt. No. 24) is **DENIED**.

Dated at Milwaukee, Wisconsin on December 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge